UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
Tiffany Troy, on behalf of herself and on
Behalf of others similarly situated,

                          Plaintiff(s),

  -against-

American Bar Association

                          Defendant(s).

--------------------------------------------------------x

**JOINT PROPOSED
CIVIL CASE MANAGEMENT PLAN**

23 Civ. 3053 (NGG) (VMS)

**The parties/counsel who conferred in drafting this joint proposed case management plan:**

For Plaintiff(s):    Aaron Schweitzer, Troy Law, PLLC

For Defendant(s):    Stephen L. Saxl, Greenberg Traurig, LLP

A. Do the parties request referral to the Court's ADR program?  Yes: ☐  No: ☑

B. Do the parties consent to proceed before a Magistrate Judge pursuant to 28 U.S.C. 636(c)?
    Yes: ☐  If yes, fill out the AO 85 Notice, Consent and Reference of a Civil Action to a Magistrate Judge Form and file it on ECF.
    https://www.uscourts.gov/forms/civil-forms/notice-consent-and-reference-civil-action-magistrate-judge.

    No: ☑  If no, do not indicate which party declines consent.

C. The parties may wish to engage in settlement discussions.
    If so, Plaintiff(s) will serve demand by _____. Defendant(s) will respond by _____.

D. Defendant(s) will answer or otherwise respond to complaint by 10/03/2023, if not yet done.

Pursuant to the Court's Order [Doc. 14], Defendant shall move to dismiss the Amended Complaint by 10/03/2023, Plaintiff shall serve any opposition by 10/31/2023, and Defendant shall reply by 11/21/2023.

The parties disagree on whether discovery should proceed while Defendant's motion to dismiss the Amended Complaint is pending, and disagree about appropriate discovery deadlines for this case.

**PLAINTIFFS' POSITION:**

The parties will serve initial disclosures by 9/27/2023, if not yet done.

The parties will serve initial document requests and interrogatories on or before 10/14/2023.

Any joinder and/or amendments of the pleadings must be made by 03/11/2024.

The parties will complete fact discovery by 03/11/2024.

If the parties perform expert discovery, they will serve initial disclosures by 09/27/2023; initial expert reports by 04/11/2024; and rebuttal expert reports on or before 05/13/2024. All discovery, including expert depositions, will be completed by 06/11/2024, and the parties will file a joint letter certifying the close of all discovery by this same date.

**DEFENDANT'S POSITION:**

This is a complex data breach class action in which Defendant American Bar Association (ABA) has had Plaintiff's Amended Complaint for less than one business day and plans to move to dismiss by October 3. Given the history, posture, and nature of this case, ABA respectfully requests that the Court defer setting discovery deadlines and stay discovery pending a ruling on ABA's forthcoming motion to dismiss the new Amended Complaint.

On July 12, 2023, ABA submitted a letter to Judge Garaufis [Doc. 12] requesting a pre-motion conference in connection with ABA's anticipated motion to dismiss the Complaint, demonstrating that the Complaint was built on implausible and insufficient allegations and fails to state a claim. Plaintiff did not respond to that letter. On July 28, 2023, Judge Garaufis conducted a pre-motion conference on ABA's anticipated motion to dismiss. At the conference, the Court granted ABA's request to move to dismiss. Plaintiff elected to amend the Complaint instead of standing on the original Complaint. Plaintiff requested until September 1, 2023, to amend the Complaint, and ABA consented. Judge Garaufis directed that ABA could move to dismiss the Amended Complaint without another pre-motion conference, and directed the parties to confer and submit to the Court a schedule for amending the complaint and for briefing ABA's motion, which the parties did. Thus, pursuant to the Court's Order [Doc. 14], ABA shall move to dismiss the Amended Complaint by 10/03/2023, Plaintiff shall serve any opposition by 10/31/2023, and ABA shall reply by 11/21/2023.

On August 31, 2023, Your Honor issued an Order directing the parties to file the CMP on or before 9/5/2023. Later that day, Plaintiff sent ABA its proposed discovery deadlines. ABA had not yet received the Amended Complaint, and responded that discovery should be deferred pending ABA's motion to dismiss the forthcoming amended complaint.

2

Plaintiff filed the Amended Complaint on Friday evening, September 1, 2023, so ABA has not even had it for one business day.  This pleading adds a second Plaintiff, adding a claim under Texas law.  It is immediately clear that Plaintiffs' Amended Complaint suffers many of the same flaws as the original Complaint, and additional flaws as well.  Accordingly, ABA intends to file a Rule 12 motion to dismiss the Amended Complaint.  ABA anticipates that its Rule 12 motion will dispose of all claims in this case.

Given this history, the burdens discovery would impose on ABA in a complex data breach class action, and the strength of ABA's forthcoming motion to dismiss, ABA respectfully requests that the Court defer setting discovery deadlines until the Court rules on ABA's forthcoming Rule 12 motion.  ABA is prepared to file a motion to stay discovery pending a ruling on the motion to dismiss, if required or directed by the Court.

In any event, Plaintiffs' proposed discovery deadlines are premature, unreasonable and inappropriate given the nature of this case.  This is a putative nationwide class action alleging that ABA had inadequate data security.  If the Amended Complaint survives a motion to dismiss, the issues surrounding ABA's data security and the data breach will be complex and involve substantial electronic discovery.  The time periods proposed by Plaintiffs do not take into account the nature of this case.  Moreover, Plaintiffs' proposed deadlines have discovery beginning prior to ABA's time to respond to the Amended Complaint, and could have discovery close shortly after (or even before) the Court has time to rule on ABA's Rule 12 motion.  And Plaintiffs' proposed deadlines do not even contemplate the need for class certification to be briefed and decided, necessary deadlines given that Plaintiffs are pursuing classwide relief.  ABA is prepared to address proposed deadlines more fully, if the Court directs that a schedule should be set prior to the motion to dismiss the Amended Complaint.

Other considerations the parties wish to bring to the Court's attention, such as the need for electronic discovery or confidentiality order:

The parties agree that an electronic discovery order and a confidentiality order will be required.